IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(Hon. Kenneth M. Karas, presiding)

| | |
|---|---|
| Thomas F. Kovach<br>Plaintiff, *pro se*<br>VS.<br><br>The United States of America,.<br>The US Dept. of Defense,<br>The United States Air Force,<br>The State of New York<br>The NY Air National Guard,<br>The 105th Airlift Wing, **and**<br>Paul A. Weaver, Jr. (Maj. Gen., ret.)<br>Defendants | CIVIL ACTION 19 CV 7065<br>Case Number: ____________<br><br>(Related to SDNY Case: 7:18-cv-07057)<br><br>Justification: 33 USC 1365, Citizen Suits<br><br>Nature: Environmental Matters<br><br>**Jury Trial** is demanded |

RECEIVED SDNY PRO SE OFFICE 2019 JUL 29 AM 8:50 S.D. OF N.Y.

# Complaint

**Thomas F. Kovach**, *pro se*, hereby appears and presents this "citizen suit" Complaint against the above-listed parties.

**STANDING:** Plaintiff is a veteran of the US Air Force, and was assigned on active duty as a Security Policeman in the 105th Security Police Squadron (a subordinate unit of Defendant 105th Airlift Wing), NY Air National Guard, under the Active Guard & Reserve (AGR) program of Defendant US Air Force (a major Service under the Defendant US Department of Defense) at the time of the wrongful acts described in this complaint. Plaintiff has been injured by the wrongful, willful, and/or grossly negligent acts of the Defendant[s] (including "knowing violations" and/or "knowing endangerment", as defined in 33 USC 1319 "Enforcement", *et ssq.*), as described later herein. Said injuries began on or about Friday, 10 August 1990, from an intentional environmental dumping incident, and continue unabated to this day.

**VENUE:**  Plaintiff is a resident of Tennessee, but the acts took place in New York. Plaintiff accepts the US District Court of the Southern District of New York as the proper forum for this case (especially via the Electronic Court Filing system), per the relationship with SDNY Case Number 7:18-cv-07057, which was filed in this Court by the *City of Newburgh* against these same Defendants (plus others, which this Plaintiff has not included).  Plaintiff was barred from filing in his home state of Tennessee, because 33 USC 1365(c)(1) requires that such an action must be brought "only in the judicial district in which such source [of water] is located"

**PROPER FORUM:**  This Court is the proper forum for the matters herein, because a Federal district court has exclusive subject-matter jurisdiction over "citizen suits" brought under the Clean Water Act (33 USC 1365) and other applicable laws.  State-level courts in New York lack said jurisdiction.  NOTE:  This Court is also the proper forum for another reason.  Similar actions brought previously (especially the above-noted *City of Newburgh* case) are based upon statements by military officials that any pollution of the drinking supply came from some sort of "accidental leak" at Stewart at some time in 2014.  This action is based upon the Plaintiff's eye-witness observations of an intentional dumping incident in August of 1990.  Therefore, because of this key difference, Plaintiff requests that this action **not** be removed and then bundled with the other cases that have been transferred to the district court in South Carolina (specifically: 2:18-cv-03358-RMG).  Further, all of the Plaintiff's expected witnesses (upon information and belief) still reside in the Newburgh, NY, area.  Thus, any transfer outside of the SDNY would put an undue burden upon the Plaintiff and upon those potential witnesses.

**LACK OF LIMITATION:**  Plaintiff is not limited by the passage of time, because the damages incurred are ongoing.  Further, in accordance with 33 USC 1319(g)(6)(B), plaintiff is not limited from filing this action, because (upon the Plaintiff's information and belief):

a.  No other "citizen suit" has been filed in this matter;

b.  The EPA Administrator has not yet filed any civil action in this matter;

c.  All other existing civil actions were filed under other causes of action; and,

d.  All other existing civil actions in similar circumstances arise from the basis that pollution of Newburgh's drinking supply was done as an "accidental leak" that occurred at some point in 2014, whereas this action is based upon an "intentional dump". That distinction puts this action in a different judicial framework from those otherwise-related actions.

Plaintiff has exhausted other administrative remedies (which were filed first within the military Inspector General system, while the Plaintiff was still on active duty [until late 1991], and then via the Air Force Board for the Correction of Military Records after the Plaintiff was discharged). Plaintiff attempted to negotiate with major Defendants (see Attachment 4).

Plaintiff also filed a "hotline report" with the NYS Dept. of Environmental Conservation on the same night as the 1990 dumping incident.

In March of 2018, a friend of the Plaintiff e-mailed the link to a lengthy *Huffington Post* news report about "the tainted drinking water" in Newburgh. Prior to that article, all associated news reports mentioned only the sewer system of the nearby Town of New Windsor. Although the Plaintiff had certainly thought that the 1990 dumping incident could have caused damage to his health, Plaintiff had no documented proof of tainted drinking water until said news report.

NOTE:  There is no limitation specified in 33 USC 1365. Therefore, this Plaintiff derives guidance from 42 USC 9613(g)(1)(A), which specifies that an action must be commenced within three years of "date of the discovery of the loss and its connection with the release in question".

Therefore (in an alternative formula), Plaintiff tolls the three years from **09 March 2018**, when the above news report was published, and thus is still not limited from filing this Complaint.

Further, in April of 2018, this Plaintiff had to leave work early due to a painful health incident. While lying on the gurney in the Emergency Department, this Plaintiff made some mental connections between that incident and other previous incidents, and concluded that a common thread could be the debilitating effects of PFOS ingestion while at Stewart.

In May of 2018, in an attempt to settle this matter out of court, the Plaintiff sent a demand letter to the 105th Airlift Wing's legal officer. That demand letter was ignored (more details about the questionable nature of that act might be revealed at trial). Because the letter fell short of the requirements of a formal Notice, no limitation may toll from that letter. Plaintiff alleges that the actions of the Base Legal Officer constituted a bad faith effort to abrogate his legal and ethical obligations to answer the demand letter. (Apparently, the Base Legal Officer was required to notify higher headquarters about that letter, but did not. Details of how that played out can be presented at trial, wherein NYSRR Part 130 sanctions may apply.)

Therefore, this Plaintiff has no other solid forum for the redress of grievances, and thus Plaintiff is not limited from bringing this action. Further, upon the Plaintiff's information and belief, pursuant to 33 USC 1319(g)(6)(B), neither the Administrator of the US Environmental Protection Agency, nor any department of the State of New York, have commenced any civil action against this combination of Defendants for this particular incident and its after-effects.

Using the alternative tollling, even defenses under 28 USC 2401 or 28 USC 2462 fail.

Therefore, this Complaint is novel and exclusive and is not limited in any way.

**PARTIES:** The primary malfeasor & defendant in this matter is **Paul A. Weaver, Jr.** (Major General, US Air Force, retired) — hereinafter Weaver. All other defendants are *respondeat superior*. Defendants are named in descending "chain of command" order. (NOTE: This Plaintiff has not named any of the chemical manufacturers as defendants. The nature of this Complaint involves actions that were willful and/or grossly negligent (at best). The formula and method of manufacture of the chemical[s] are thus irrelevant.)

LEGAL NOTE: Rule 916 of the Manual for Courts-Martial (MCM), "Defenses", especially subsections (c) and (d), makes clear that military members have an affirmative duty to disobey a commander's order that is unlawful. Therefore, the other personnel on the scene that night should have disobeyed the order to dump the chemical. But, they did not. The crew that did the dumping was wearing firefighter "turnout gear", and thus the Plaintiff does not have the name of any of them except for the supervisor (who was standing close enough to identify).

## PARTICULARS OF THE COMPLAINT

1. At approximately **2240 hours** on Friday evening, **10 August 1990**, and at other times both before and after, Defendant Weaver was the commander of the 105th Military Airlift Group (now known as the 105th Airlift Wing) and thus was also the commander of Stewart Air National Guard Base, located on the outskirts of Newburgh, NY.

2. The man-made detention pond (aka "industrial lagoon", aka "Weaver's Pond") located at Stewart ANGB qualifies as a "point source" (specifically, a "container") under 33 USC 1362(14).

3. Stewart ANG Base itself qualifies as an "industrial user" under 33 USC 1362(18); and, specifically, per the Standard Industrial Classification Manual, Page 312, Code 91-45. (NOTE:

The manual was published in 1967. At that time, the above code applied to the Military Air Transport Service [MATS]. The successor to MATS was the Military Airlift Command [MAC], under which the Defendant 105th Airlift Wing was operating at the time of the subject incidents.)

4. All listed Defendants (especially Weaver in fact, and all others by *respondeat superior*) qualify as "persons" responsible for any point source "pollutant" under 33 UCS 1362(5) and (6).

5. Both the accidental leak in April of 1990 and the intentional dumping / discharge in August of 1990 qualify as acts of "pollution" under 33 USC 1362(19).

6. Weaver is a person that can be held liable under 33 USC 1365, for environmental damage caused by his willful and/or grossly negligent acts of "discharge" and/or "pollution", including "knowing violations" and/or "knowing endangerment" under 33 USC 1319, *et seq*.

7. At the time of the incident, Weaver was in his command staff car with Lieutenant Colonel John Stiene, the base civil engineer, who was also the commander of the 105th Civil Engineering Squadron, of which the base's Fire Department was a component. Stiene was also a person under Weaver's command, and thus Weaver is ultimately responsible and liable.

8. Weaver and Stiene were overseeing a crew from the Fire Department. That crew, which was supervised by Fire Chief John Cinquemani, was using a fire truck as a "sump pump" to suck out chemically-contaminated stormwater and/or wastewater from a man-made detention pond (also known as an "industrial lagoon") and then pump the foamy contaminant over the base's perimeter fence and onto the property of the "civilian side" of Stewart International Airport.

9. The foamy contaminant was later identified as a mixture of leaked fire-fighting foam (FFF) concentrate and other airfield runoff (such as fuel, hydraulic fluid, and de-icing fluid).

10. Via later investigation by news reporters, it was revealed that the FFF concentrate is a compound that is based upon perfluorooctanesulfonic acid (abbreviated as PFOS).

11. Also revealed by news-media investigation, and known in some circles at Stewart ANG Base before the incident, the reason that the industrial lagoon (later nicknamed "Weaver's Pond") was filled with foamy contaminant was because of a leak in an aircraft hangar's fire-suppression system and/or because of mishandling of the chemical by the base's Fire Department.

12. Also revealed by news-media investigation, the base had been fined $200,000 by the New York State Department of Environmental Conservation (NYS DEC) for a leak in **April** of 1990. This was most likely the leak described above. But, it is also possible (given subsequent revelations) that there were other leaks/spills that were never observed nor properly reported.

13. When heavy rains overwhelmed the base's stormwater system in late July and early August of 1990, Weaver then ordered the crew to remove the chemical contaminant after dark on a Friday evening, when the base would be least occupied. The obvious motive for this illegal dumping incident was to avoid another NYS DEC fine (which would've been much higher).

14. Unfortunately for Defendant Weaver's nefarious plan, the Security Police were on a higher alert status, because Saddam Hussein had invaded Kuwait four days prior. Upon the Plaintiff's information and belief, Stewart is the strategic airlift base closest to New York City, and thus was under a high terrorist threat (conveyed to the base by the FBI and the NY State Police). So, when the Plaintiff (who was a Security Police patrol supervisor) saw lights in a part of the base that should have been unoccupied, he went to investigate. Plaintiff and his patrol partner saw Weaver and crew as they were actively pumping the foamy contaminant at a high volume. The exhaust hose from the fire truck was draped over the base perimeter fence.

15. The foamy contaminant flowed downhill to a small body of water called Recreation Pond. From there, it could be seen flowing out of the pond and into a small creek (later identified to the Plaintiff as Silver Stream). This was visible because the firefighter crew was using flood lights, and the thick foam was mostly white. It resembled two-foot-thick shaving cream as it floated on top of the off-base Silver Stream.

16. Because the structure of the Air Force justice system is built upon the base commander, the Plaintiff knew that nothing would be done inside the military channels of authority*. So, after his shift ended at midnight, the Plaintiff went home, got the number for the NYS DEC Environmental Hotline, and reported the dumping incident. (*Weaver had a well-known reputation for various unsavory activities. Thus, because of that reputation, Plaintiff had no confidence in the normal authority at Stewart. The lengthy chain of nefarious activities [which the Plaintiff researched and documented in 2003] can be revealed at trial, if necessary.)

17. The week after the discharge, the NYS DEC sent a spill response team, and they placed orange floating "booms" into Recreation Pond in an attempt to contain the foam. But, by the time they arrived at Stewart ANGB, the foam had already been flowing downstream for days.

18. Meanwhile, on the base, various means of pressure and harassment began. Plaintiff was moved to a different shift, and that shift's supervisor (i.e.: "flight chief") engaged in various types of harassment, including one physical assault. When Plaintiff did not recant his story to the Inspector General's investigating officer, then Plaintiff was removed from Security Police duties altogether, and then was ordered to submit to numerous mental-health "examinations".

19. In November of 1991, Plaintiff was discharged from military service. Plaintiff was not given a "discharge physical" medical examination within 30 days prior to discharge, as is required by Federal law. (And thus, Plaintiff was denied the opportunity for a Medical Review

Board for injuries in a previous high-speed parachute malfunction.)  Plaintiff was not given a

military retirement.  Plaintiff's discharge certificate contains a bogus statement of the reason for

discharge.  That document also contains a code that was non-existent in the personnel manual.

The first letter of the code is for the category of mental-health discharges.  (Once an average

civilian hiring specialist sees the first letter, they would be unlikely to research further.)  Thus,

the retaliatory acts by Weaver damaged the Plaintiff's employability after military discharge.

Said employability damage was most notable after the "9-11" attacks, because the Plaintiff was

well-qualified for Federal jobs involving the then-new Department of Homeland Security.

20. Regardless of the retaliation and/or reprisals against a whistleblower, as described in

Paragraphs 18 and 19, Plaintiff also has been damaged by ongoing health problems that did not

begin until after the discharge incident(s), and which continue unabated (and even increased) to

this day.  These problems have recently been documented as having been proximately caused by

PFOS ingestion from the base water supply.  At some time in the recent past (upon the Plaintiff's

information and belief, approximately November of 2018), the US Department of Veterans'

Affairs recognized PFOS ingestion as a public-health problem for persons stationed at certain

military bases.  This decision followed an investigation by Congress, which followed the news

report described later in this Complaint.  That news report was about the water in Newburgh.

21. Thus, because of the proximate effect of the PFOS, which got into the raw-water that

supplies the drinking-water systems of the Town of New Windsor and/or the City of Newburgh,

the plaintiff ingested PFOS from at least August of 1990 until discharge in November of 1991,

the Plaintiff has suffered a growing number of health problems for almost three decades.

22. But, because there was no documented and complete "paper trail", the Plaintiff did not

have grounds to file a legal action connected to PFOS exposure until recently.

23. The published EPA safe level of PFOS in drinking water is **70** parts per trillion (ppt).

24. Upon information and belief, based upon the Plaintiff's reading of a separate legal action by the *City of Newburgh* (the related SDNY Case # 7:18-cv-07057), the level of PFOS in the raw-water flowing from Recreation Pond at Stewart was more than **one million** parts per trillion.

25. On 12 June 2019, Plaintiff was notified that his blood test showed double the "reporting limit" of PFOS, and four times the reporting limit of a related compound. The blood was drawn approximately 29 years after the first known "leak" at Stewart ANG Base.

26. Using the chemical half-life of PFOS (six years) that was published by the US Centers for Disease Control (CDC) regarding the public-health dangers of PFOS exposure, Plaintiff calculated that his blood-PFOS level during the time that he was stationed at Stewart ANG Base was at least **128 times** the safe limit for drinking water.

27. Plaintiff asks that the Court take specific notice of the fact that — because of his illegal discharge, and subsequent departure from the base — the blood-PFOS level of other persons remaining in the Stewart-Newburgh area (for several/many years afterward) would be even higher than the 128 times noted above. The Court should take this baseline into account when calculating whether Defendant Weaver's actions should be referred to the United States Attorney for criminal prosecution under applicable "domestic terrorism" laws.

28. Based upon the above, the Plaintiff's exposure to PFOS because of the willful actions and wanton disregard for the lives and health of others shown by Weaver, constituting at least one prohibited "discharge", plus "knowing violation" and/or "knowing endangerment" as described in 33 USC 1319, *et seq.*, qualifies as more than sufficient cause for damages under 33 USC 1365.

RELIEF SOUGHT

**29.** In accordance with 33 USC 1344(s)(4), Plaintiff seeks damages of $25,000 per day, tolling from the intentional dumping incident on 10 Aug 1990 until the date of this Complaint. According to an online date calculator, that is **10,574** days, thus totaling $ **264,350,000**.

30. Given the large amount of actual damage, no further punitive damage is sought.

31. As specified in pre-filing negotiations with the assigned Air Force attorney, the Plaintiff is willing to accept from the Defendants (other than Weaver) certain tangibles and intangibles (in lieu of part of the cash damages), to include: retroactive military promotion, retroactive military retirement, award of Airborne wings, etc.

32. **Alternative relief**: Plaintiff sincerely believes that there is no limitation on time for filing. However, if the Court decides with the defense that the alternative tolling applies, then Plaintiff seeks **$12,525,000** in damages (501 days from news report, times $25,000 per day).

33. Regardless of which tolling formula is used, Plaintiff requests that the damages be divided among the Defendants as the jury and the Court see fit.

## PLAINTIFF'S CERTIFICATION, ETC.

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11. I agree to notify the

Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: **Tue, 23 July 2019**

Respectfully submitted,

Thomas F. Kovach

Thomas F. Kovach, *pro se*

4 Attachments:

1. Copy of Demand and Notice of Claim (i.e.: Notice of Intent to Sue)
2. Map of pollution activity observed
3. Photograph of the fire truck that was involved
4. USAF letter, denying claim (16 July 2019)

**[Attachment 1]**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
(Hon. Kenneth M. Karas, presiding)

| | |
|---|---|
| Thomas F. Kovach<br>Plaintiff, *pro se*<br>VS. | CIVIL ACTION |
| | Case Number: ____________________ |
| The United States of America.<br>The US Dept. of Defense,<br>The United States Air Force,<br>The State of New York<br>The NY Air National Guard,<br>The 105th Airlift Wing, **and**<br>Paul A. Weaver, Jr. (Maj. Gen., ret.)<br>Defendants | (Related to SDNY Case: 7:18-cv-07057)<br><br>Justification: 33 USC 1365, Citizen Suits<br><br>Nature: Environmental Matters |

## **Demand** and **Notice of Claim**

**Thomas F. Kovach**, *pro se*, hereby makes this Demand against the above parties. Under the formula described in 33 USC 1344(s)(4), demand is hereby made for damages of $25,000 per day, tolling from an intentional environmental dumping incident at Stewart Air National Guard Base, located near Newburgh, New York, at 2240 on Friday, 10 August 1990. Said dumping was in violation of several applicable laws. Therefore, all of the Defendants are liable. The time from the intentional dumping incident until 60 days from this Notice is 10,574 days, totaling damages of **$264,350,000**, to be divided as a jury and the Court see fit (with the primary malfeasor being Defendant Weaver). There is no time limitation under 33 USC 1365, nor under related laws.

NOTICE: If this Demand is not met by **Thursday, 23 July 2019**, then a Complaint will be filed in the above-captioned Court. Plaintiff will entertain reasonable settlement offers until then.

In the event that this Demand is refused, then Plaintiff hereby requests a Waiver of Service.

Dated: **Mon, 20 May 2019**

Respectfully submitted,

Thomas F. Kovach

Thomas F. Kovach, *pro se*:
401 S. Mt. Juliet Rd. #235
Mount Juliet, TN 37122-8473

# Attachment 2

Map of pollution activity observed



## Attachment 3

Photograph of the fire truck that was involved





**DEPARTMENT OF THE AIR FORCE**
**HEADQUARTERS AIR FORCE LEGAL OPERATIONS AGENCY**

16 July 2019

AFLOA/JACE-LC
1500 W. Perimeter Road, Suite 1500
Joint Base Andrews, MD 20762

Mr. Thomas F. Kovach
401 S. Mt. Juliet Rd. #235
Mount Juliet, TN 37122-8473

Re: JACE Claims No. 19-16162
Federal Tort Claim/Clean Water Act
Claimant: Mr. Thomas F. Kovach
Date of Incident: 10 August 1990

Dear Mr. Kovach,

Under the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680 and the Clean Water Act (CWA), 33 USC § 1251 et. seq. as indicated in your Demand and Notice of Claim, I have considered the claim you filed on 3 June 2019. After a careful review of the facts and applicable law, I must deny your claim. More specifically, your FTCA claim is precluded by the two-year statute of limitations noted in 28 U.S.C. §2401. Additionally, please note your CWA claim is precluded by the five-year federal statute of limitations set forth in 28 U.S.C. § 2462.

This is the final denial of your claim. If you are dissatisfied with this decision, you may file suit in the appropriate United States District Court not later than six months after the date of mailing of this letter.

Shari M. Howard
SHARI M. HOWARD
Environmental Litigation Attorney

cc: NGB-JA (R. Chambers)

**Thomas F. Kovach**
401 S. Mt. Juliet Rd. #235
Mount Juliet, TN 37122-8473
c: (615) 852-0823
Tom@TomKovach.US

Friday, 19 July 2019

Attn.: *Pro Se* Intake Unit
US District Court
Southern District of New York
40 Foley Square, Room 105
New York, NY 10007

RECEIVED
SDNY PRO SE OFFICE
2019 JUL 29 AM 8:49
S.D. OF N.Y.

Re: Kovach vs. USA, *et al.*

Dear Sir or Madam:

Enclosed are the following documents to commence a civil action.

1. Civil Cover Sheet (2 pages)
2. Defense attorney contact roster (1 page)
3. Application to proceed IFP (2 pages)
4. Motion (form) for permission to use ECF system (2 pages)
5. Complaint (15 pages)
6. Summons (forms) for the following defendants (2 pages each)
   a. all Federal organizations (represented by the US Air Force)
   b. the State of New York
   c. Paul A. Weaver, Jr. (Maj. Gen., USAF, retired)

I request IFP service by the US Marshals upon the above-named defendants. Contact information is listed on Item 2.

I was thoroughly trained in the use of the ECF system by the District Court administration here in the Nashville area, and have used it before.

Please let me know if anything else is needed.

Thank you for your attention. I anticipate that any reply will be via the ECF system.

Sincerely,

Thomas F. Kovach

JS 44C/SDNY
REV. 06/01/17

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
Thomas F. Kovach

DEFENDANTS
The United States of America, The US Dept. of Defense, The US Air Force, The State of NY, The NY Air National Guard, The 105th Airlift Wing, and Paul A. Weaver, Jr. (Major General, retired)

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
pro se

ATTORNEYS (IF KNOWN)
Unknown at time of filing; will research.

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

33 USC 1365, Citizen Suits

S.D. OF N.Y. 2019 JUL 29 AM 8:50 SDNY PRO SE OFFICE RECEIVED

Judge Previously Assigned

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [✓] Yes [ ]

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ] If yes, give date ____________ & Case No. ____________

IS THIS AN INTERNATIONAL ARBITRATION CASE? No [ ] Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)* NATURE OF SUIT

TORTS — ACTIONS UNDER STATUTES

**CONTRACT**

- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**REAL PROPERTY**

- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

- [ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING/ ACCOMMODATIONS
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 448 EDUCATION

**PERSONAL INJURY**

- [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**

- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**

- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**PROPERTY RIGHTS**

- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
- [ ] 840 TRADEMARK

**LABOR**

- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**BANKRUPTCY**

- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**

- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

- [ ] 375 FALSE CLAIMS
- [ ] 376 QUI TAM
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [x] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $262,850,000 OTHER ____________

*Check YES only if demanded in complaint*
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE Kenneth M. KARAS DOCKET NUMBER 2:18-cv-03358

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

(PLACE AN x IN ONE BOX ONLY)

**ORIGIN**

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] a. all parties represented
[ ] b. At least one party is pro se.
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation (Transferred)
[ ] 7 Appeal to District Judge from Magistrate Judge
[ ] 8 Multidistrict Litigation (Direct File)

(PLACE AN x IN ONE BOX ONLY)

**BASIS OF JURISDICTION**

***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

[x] 1 U.S. PLAINTIFF [ ] 2 U.S. DEFENDANT [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY) [ ] 4 DIVERSITY

CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [x] 2 | [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Thomas F. Kovach, pro se
401 S. Mt. Juliet Rd., # 235
Mount Juliet, TN 37122-8473
(Wilson County)

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

Paul A. Weaver, Jr. (Major General, USAF, retired)
21 Muster Drive
Stafford, VA 22554
(Stafford County)

DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

see attached roster

The USA: Justice Bldg., DC
The Dept. of Defence: The Pentagon, Arlington, VA
The State of NY: Attorney General, Albany, NY
The 105th Airlift Wing: Legal Office, Stewart ANG Base, Newburgh, NY

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one: THIS ACTION SHOULD BE ASSIGNED TO: [ ] WHITE PLAINS [x] MANHATTAN
I would prefer Poughkeepsie; but, if unavailable, then ↑.

DATE 18 May 2019 SIGNATURE OF ATTORNEY OF RECORD Thomas F. Kovach, pro se

ADMITTED TO PRACTICE IN THIS DISTRICT
[x] NO
[ ] YES (DATE ADMITTED Mo. _______ Yr. _______)
Attorney Bar Code #

RECEIPT #

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge ______________________________ is so Designated.

Ruby J. Krajick, Clerk of Court by ____________ Deputy Clerk, DATED ________________.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

Clear Form Save Print

# Newburgh water lawsuit
# attorney CONTACT roster

Staff Judge Advocate, 105th Airlift Wing
Stewart Air National Guard Base
2 Maguire Way
Newburgh, NY 12550

Lt. Col. ________ Harrington
845-563-2021 / fax:

Attn.: Col. Lawrence H. Schaefer
Staff Judge Advocate, HQ NY ANG
NYS Dept. of Military & Naval Affairs
330 Old Niskayuna Road
Latham, NY 12110
(518) 786-4541

STATE

Office of the NYS Attorney General
Litigation Bureau
Justice Building, 2nd Floor
Albany, NY 12224
518-776-2300

Now representing all Federal defendants

Jeffrey P. Luster
Deputy General Counsel (SAF/GCN)
1740 Air Force Pentagon, Room 5E773
Washington, DC 20330-1740
703-693-4855

Shari M. Howard, Maj, USAF
Environmental Litigation Attorney
1500 W Perimeter Road, Suite 1500
Joint Base Andrews, MD 20762
(240) 612-4688
shari.m.howard2.mil@mail.mil

Attn.: Harry H. Kelso
Deputy General Counsel, US Dept. of Defense
Environment, Energy & Installations
1600 Defense Pentagon
Washington, DC 20301-1600
703-693-4855

Attn.: Jeffrey B. Clark
Assistant US Attorney General
Environment and Natural Resources Division
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

Paul A. Weaver, Jr. (He never replied to the Demand.)
21 Muster Dr.
Stafford, VA 22554

**Demand** Tracking Number:
Mail: 70190700000077129369
UPS: 1Z9Y613F1344735614 – Fri, 07 Jun 2019 @ 1852

28 USC 1608 Summons IH 6
4/17

UNITED STATES DISTRICT COURT
for the
Southern District of New York

Thomas F. Kovach, pro se
Plaintiff

v.

United States of America, et al.
Defendant

Civil Action No.

SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)

Paul A. Weaver, Jr.
Maj. Gen., USAF, ret.
21 Muster Drive
Stafford, VA 22554

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Thomas F. Kovach, pro se
401 S. Mt. Juliet Rd. #235
Mount Juliet, TN 37122-8473

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: ______________

Signature of Clerk or Deputy Clerk

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* Paul A. Weaver, Jr.
was received by me on *(date)* ______________ .

- I personally served the summons on the individual at *(place)* ______________ on *(date)* ______________ ; or
- I left the summons at the individual's residence or usual place of abode with *(name)* ______________ , a person of suitable age and discretion who resides there, on *(date)* ______________ , and mailed a copy to the individual's last known address; or
- I served the summons on *(name of individual)* ______________ , who is designated by law to accept service of process on behalf of *(name of organization)* ______________ on *(date)* ______________ ; or
- I returned the summons unexecuted because ______________ ; or
- Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________ .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

28 USC 1608 Summons IH 6
4/17

UNITED STATES DISTRICT COURT
for the
Southern District of New York

Thomas F. Kovach, pro se

Plaintiff

v.

United States of America, et al.

Defendant

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)

Office of the NYS Attorney General
Litigation Bureau
Justice Building, 2nd Floor
Albany, NY 12224

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Thomas F. Kovach, pro se
401 S. Mt. Juliet Rd. #235
Mount Juliet, TN 37122-8473

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: ________________

Signature of Clerk or Deputy Clerk

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* The State of New York (via NYS Atty. Gen.)
was received by me on *(date)* ______________ .

- I personally served the summons on the individual at *(place)* ______________ on *(date)* ______________ ; or

- I left the summons at the individual's residence or usual place of abode with *(name)* ______________ , a person of suitable age and discretion who resides there, on *(date)* ______________ , and mailed a copy to the individual's last known address; or

- I served the summons on *(name of individual)* ______________ , who is designated by law to accept service of process on behalf of *(name of organization)* ______________ on *(date)* ______________ ; or

- I returned the summons unexecuted because ______________ ; or

- Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ ________ .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

28 USC 1608 Summons IH 6
4/17

UNITED STATES DISTRICT COURT
for the
Southern District of New York

Thomas F. Kovach, pro se

Plaintiff

v.

United States of America, et al.

Defendant

Civil Action No.

SUMMONS IN A CIVIL ACTION

To: (Defendant's name and address)

Shari M. Howard, Maj, USAF
Environmental Litigation Attorney
1500 W Perimeter Road, Suite 1500
Joint Base Andrews, MD 20762

A lawsuit has been filed against you.

Within 60 days after service of this summons on you (not counting the day you received it) you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Thomas F. Kovach, pro se
401 S. Mt. Juliet Rd. #235
Mount Juliet, TN 37122-8473

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**CLERK OF COURT**

Date: ______________

______________________________
Signature of Clerk or Deputy Clerk

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* The US Air Force, et al. (via USAF attorney)

was received by me on *(date)* ______________ .

- I personally served the summons on the individual at *(place)* ______________________________ on *(date)* ______________ ; or

- I left the summons at the individual's residence or usual place of abode with *(name)* ______________________________ , a person of suitable age and discretion who resides there, on *(date)* ______________ , and mailed a copy to the individual's last known address; or

- I served the summons on *(name of individual)* ______________________________ , who is designated by law to accept service of process on behalf of *(name of organization)* ______________________________ on *(date)* ______________ ; or

- I returned the summons unexecuted because ______________________________ ; or

- Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ __________ .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

Tom Kovach
401 S. Mt. Juliet Rd. #23
Mount Juliet TN 37122-8473

7017 2680 0000 9010 6920

1000

10007

2019 JUL 29 AM 8:51

RETURN RECEIPT REQUESTED

Attn: Pro Se Intake Un.
US District Court
Southern District of NY
40 Foley Sq Rm 105
New York NY 10007



